IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CALVIN EARL ALEXANDER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. **3:07-CV-1239-L** |
| v. | § | |
| | § | |
| **U.S. BANK, N.A., et al.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendants Barrett Burke Wilson Castle Daffin & Frappier, LLP and National Default Exchange, LP's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim or, in the Alternative, Rule 12(e) Motion for a More Definite Statement, filed July 17, 2007; and (2) Defendant Foreclosure Listing Service, Inc.'s Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim or, in the Alternative, Rule 12(e) Motion for a More Definite Statement, filed October 18, 2007. Plaintiff did not respond to either motion. After carefully considering the motions, record, and applicable law, the court **denies without prejudice** Defendants Barrett Burke Wilson Castle Daffin & Frappier, LLP and National Default Exchange, LP's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim or, in the Alternative, Rule 12(e) Motion for a More Definite Statement; and **denies without prejudice** Defendant Foreclosure Listing Service, Inc.'s Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim or, in the Alternative, Rule 12(e) Motion for a More Definite Statement.

## I. Factual and Procedural Background

Plaintiff filed an Original Petition for Wrongful Foreclosure in the 101st Judicial District Court, Dallas County, Texas on June 8, 2007. His pleading references the Fair Debt Collection Act, and appears to also assert a claim based upon alleged trademark/copyright infringement. On July 12, 2007, Defendants Ocwen Loan Servicing, LLC and U.S. Bank, NA removed the case to this court on the basis that it had both diversity and federal question jurisdiction.

Defendants Barrett Burke Wilson Castle Daffin & Frappier, LLP ("Barrett Burke"), National Default Exchange, LP ("NDE"), and Foreclosure Listing Service, Inc. ("FLS") move to dismiss Plaintiff's claims against them, arguing that he has failed to state a claim against them because he has failed to make any allegation specifically against them. They also argue that his generalized conspiracy allegations that may include them also fail to state a claim upon which relief can be granted.

## II. Legal Standard – Rule 12(b)(6) Motion

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In reviewing a Rule 12(b)(6)

motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III. Analysis

The court determines that Plaintiff's Original Petition fails to state a claim upon which relief can be granted against Defendants Barrett Burke, NDE, and FLS. Plaintiff does allege that "all the Defendants are working together in conclusion [sic] and in a Conflict of interest." Orig. Pet. ¶ IV. The petition, however, does not include a single allegation as to any act performed by Barrett Burke,

NDE, or FLS, nor does the petition set out any facts linking these Defendants to the other Defendants for whom Plaintiff has plead specific acts. Accordingly, the court finds that Plaintiff has failed to state any claim against Defendants Barrett Burke, NDE, and FLS.

At most, Plaintiff alleges some kind of conspiracy claim against Defendants Barrett Burke, NDE, and FLS. As Defendants point out, under Texas law, a conspiracy claim requires that a plaintiff also plead an underlying intentional tort. *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir. 2007) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)). Plaintiff's bare allegation of conspiracy, therefore, is insufficient to state a claim upon which relief can be granted and Defendants' motions to dismiss should be granted.

Although Alexander has not sought leave to amend his petition, a court should freely give a complainant, especially a *pro se* complainant, leave to amend defective allegations in a pleading. *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995) (citing *Watkins v. Lujan*, 922 F.2d 261, 264 (5th Cir. 1991)). Thus, the appropriate remedy when granting a motion based on nonconforming or deficient pleadings is to grant the complainant time in which to amend the complaint. *McClellon*, 66 F.3d at 103. The decision to allow amendment of the pleadings is within the sound discretion of the district court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the court considers the following: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1163, 1163 (5th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983). Accordingly, the court will allow Plaintiff an opportunity to amend his complaint as to Defendants Barrett Burke, NDE, and FLS.

## IV. Conclusion

For the reasons stated herein, the court determines that Plaintiff has failed to state a claim upon which relief can be granted as to Defendants Barrett Burke, NDE, and FLS. The court, however, rather than dismiss the complaint as to these Defendants, will allow Plaintiff to amend his complaint as to Defendants Barrett Burke, NDE, and FLS by **January 10, 2008**. Failure to so amend will result in dismissal of this action as to these Defendants. Accordingly, the court **denies without prejudice** Defendants Barrett Burke Wilson Castle Daffin & Frappier, LLP and National Default Exchange, LP's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim or, in the Alternative, Rule 12(e) Motion for a More Definite Statement; and **denies without prejudice** Defendant Foreclosure Listing Service, Inc.'s Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim or, in the Alternative, Rule 12(e) Motion for a More Definite Statement.

**It is so ordered** this 10th day of December, 2007.

_/s/ Sam A. Lindsay_
Sam A. Lindsay
United States District Judge