IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**CALVIN EARL ALEXANDER,** §
§
Plaintiff, §
§ Civil Action No. **3:07-CV-1239-L**
v. §
§
**U.S. BANK, N.A., et al.**, §
§
Defendants. §

**MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Third-Party Defendant Cowles & Thompson's Motion to Dismiss Plaintiff's Counterclaims Notice in Nature of a Petition Liability of 3rd Party Defendant (docket nos. 20 & 21) Pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 26), filed January 29, 2008; (2) Defendant's Special Appearance and Motion to Dismiss (doc. 27), filed February 13, 2008; (3) Defendants Barrett Burke Wilson Castle Daffin & Frappier, LLP and National Default Ex[c]hange, LP's Rule 12(b)(6) Second Motion to Dismiss for Failure to State a Claim (doc. 28), filed February 13, 2008; (4) Third-Party Defendant Albin Harris[on] Roach's Rule 12(b)(6) Motion to Dismiss Plaintiff's Counterclaim Notice in Nature of a Petition Liability of 3rd Party Defendant (doc. 29), filed February 25, 2008; (5) Defendant's Motion to Dismiss (doc. 30), filed February 25, 2008; (6) Plaintiff's Petition Special Appearance for Default Summary Judg[]ment, filed March 25, 2008 and March 27, 2008[1]; (7) Motion on Behalf of Ocwen Loan Servicing, LLC and U.S. Bank, N.A. to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) or Alternatively for Judgment on the Pleadings Pursuant to Rule 12(c) (doc. 45), filed April 14, 2008; and (8) Defendant Barrett Burke

---

[1]This document is listed on the docket sheet twice as entries 39 and 40. These documents are identical.

**Memorandum Opinion and Order – Page 1**

Wilson Castle Daffin & Frappier, LLP's Suggestion of Name Change and Motion to Substitute Name (doc. 49), filed May 19, 2008. After carefully considering the motions, briefing, record, and applicable law, the court **grants** Third-Party Defendant Cowles & Thompson's Motion to Dismiss Plaintiff's Counterclaims Notice in Nature of a Petition Liability of 3rd Party Defendant (docket nos. 20 & 21) Pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 26); **grants** Defendant's Special Appearance and Motion to Dismiss (doc. 27); **denies as moot** Defendants Barrett Burke Wilson Castle Daffin & Frappier, LLP and National Default Ex[c]hange, LP's Rule 12(b)(6) Second Motion to Dismiss for Failure to State a Claim (doc. 28); **grants** Third-Party Defendant Albin Harris[on] Roach's Rule 12(b)(6) Motion to Dismiss Plaintiff's Counterclaim Notice in Nature of a Petition Liability of 3rd Party Defendant (doc. 29); **grants** Defendant's Motion to Dismiss (doc. 30); **denies** Plaintiff's Petition Special Appearance for Default Summary Judg[]ment (docs. 39 and 40); **grants** Motion on Behalf of Ocwen Loan Servicing, LLC and U.S. Bank, N.A. to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), and **denies as moot** the alternative Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (doc. 45); and **grants** Defendant Barrett Burke Wilson Castle Daffin & Frappier, LLP's Suggestion of Name Change and Motion to Substitute Name (doc. 49).

I. **Factual and Procedural Background**

Plaintiff filed an Original Petition for Wrongful Foreclosure in the 101st Judicial District Court, Dallas County, Texas on June 8, 2007. The petition names the following Defendants: U.S. Bank, NA ("U.S. Bank"); Ocwen Loan Servicing ("Ocwen"), Baxter & Schwartz, P.C. ("Baxter & Schwartz"); National Default Exchange, LP ("NDE"), Barrett Burke Wilson Castle Daffin & Frappier, LLP ("Barrett"); and Foreclosure Listing Service, Inc. ("FLS"). His pleading references

the Fair Debt Collection Act, and appears to also assert a claim based upon alleged trademark/copyright infringement. On July 12, 2007, Defendants Ocwen and U.S. Bank removed the case to this court on the basis of diversity and federal question jurisdiction.

The court ruled on two motions to dismiss on December 10, 2007. Defendants Barrett, NDE, and FLS moved to dismiss Plaintiff's claims against them for failure to state a claim, and in the alternative, for a more definite statement. The court concluded that Plaintiff's complaint failed to state a claim against these Defendants. Because Plaintiff is proceeding *pro se*, the court granted him leave to amend his complaint and ordered that he must amend his complaint by January 10, 2008. Plaintiff has not amended his complaint. He filed a "Status Report" on January 4, 2008 that is not an amendment of his complaint, but sets forth a history of the case and certain deadlines with which it appears he intended to comply. On January 9, 2008, Plaintiff filed three documents entitled "Counterclaim Notice in Nature of a Petition Liability of 3rd Party Defendant," against Cowles & Thompson (docs. 20 and 21) and Albin Harrison Roach (doc. 22). All Defendants and alleged third-party Defendants have now moved to dismiss Plaintiff's claims. Plaintiff has filed his own motion for summary judgment.

## II.     Motion to Substitute Name

Defendant Barrett has moved to substitute the name Barrett Daffin Frappier Turner & Engel, LLP for the party as named by Plaintiff, Barrett Burke Wilson Castle Daffin & Frappier, LLP. Barrett states that it changed its name on April 24, 2008. The court finds that there is good cause to substitute the name of Barrett Daffin Frappier Turner & Engel, LLP in this action and in the style of this case and **grants** Defendant Barrett Burke Wilson Castle Daffin & Frappier, LLP's Suggestion of Name Change and Motion to Substitute Name. The court will continue to refer to this Defendant

as "Barrett." Accordingly, the court **substitutes** the name Barrett Daffin Frappier Turner & Engel, LLP for Barrett Burke Wilson Castle Daffin & Frappier, LLP and **directs** the clerk of the court to update the docket sheet for this action.

## III. Motions to Dismiss

### A. Legal Standard – Rule 12(b)(6)

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1974 (2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central

to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

B. **Defendants**

1. **Baxter & Schwartz**

Defendant Baxter & Schwartz moves to dismiss Plaintiff's claims against it pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure. On December 10, 2007, the court ordered Plaintiff to serve Baxter & Schwartz no later than January 9, 2008 and warned him that failure to comply with the court's order would allow the court to dismiss his claims without prejudice. While a summons was issued for Baxter & Schwartz on January 9, 2008, Defendant has never been served.

The court determines that Plaintiff has failed to comply with the court's December 10, 2007 order. Requesting that the clerk of the court issue a summons is not service under the Federal Rules of Civil Procedure. Accordingly, the court **grants** Defendant's Special Appearance and Motion to Dismiss and **dismisses without prejudice** Plaintiff's claims against Baxter & Schwartz.

### 2. Barrett and NDE

Defendants Barrett and NDE bring their second motion to dismiss for failure to state a claim upon which relief can be granted. In its December 10, 2007 memorandum opinion and order, the court held that Plaintiff failed to state a claim against Defendants Barrett or NDE and ordered him to replead his claims against them no later than January 10, 2008. Plaintiff has failed to file an amended complaint and Barrett and NDE argue that dismissal of his claims against them is proper.

On July 25, 2008, the parties filed a stipulation that Plaintiff's claims against Barrett and NDE should be dismissed with prejudice. Accordingly, the court **denies as moot** Defendants Barrett Burke Wilson Castle Daffin & Frappier, LLP and National Default Ex[c]hange, LP's Rule 12(b)(6) Second Motion to Dismiss for Failure to State a Claim and **dismisses with prejudice** Plaintiff's claims against Barrett and NDE.

### 3. FLS

Defendant FLS also brings a second motion to dismiss Plaintiff's claims. On December 10, 2007, the court concluded that Plaintiff failed to state a claim against FLS and ordered Plaintiff to replead his claims against it. Plaintiff failed to so.

Accordingly, the court holds that Plaintiff has failed to state a claim against Defendant FLS. The court **grants** Defendant's Motion to Dismiss and **dismisses with prejudice** Plaintiff's claims against FLS.

### 4. Ocwen and U.S. Bank

Defendants Ocwen and U.S. Bank move to dismiss Plaintiff's claims against them for failure to state a claim, and in the alternative, for judgment on the pleadings. Plaintiff alleges that Defendants failed to produce the original note in violation of section 1692g of the Fair Debt

Collection Practices Act ("FDCPA"). He also contends that they violated his trademark and copyright by using his name on the docket of this case while it was pending in state court. He argues that Defendants failed to accept payment that he tendered.

Defendants argue that Plaintiff's FDCPA claim fails to state a claim because the statute does not require production of the original note. The court has reviewed section 1692g and agrees that the statute does not require that Defendants produce the original, signed note to Plaintiff. The court also has found no authority construing the statute as requiring an original, signed note. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted pursuant to 15 U.S.C. § 1692g.

Next, Defendants argue that Plaintiff's claim that he has tendered payment to them also fails as a matter of law. Defendants note that Plaintiff provided "what he describes as a bond" and argue that as mortgagee, it is only required to take legal tender for satisfaction of a payment obligation. *Bachrach v. Di Carlo*, 80 S.W.2d 815, 816 (Tex. App. – San Antonio 1935, writ dism'd). The court holds as a matter of law that Plaintiff's tender of a bond does not satisfy his obligation under the note.

Finally, Defendants argue that Plaintiff's copyright and trademark claims fail because personal names are not subject to copyright or trademark. The court finds that Plaintiff's name cannot be copyrighted. 37 C.F.R. § 202.1(a). The court also finds that even if Plaintiff had trademarked his name, Defendants' use of his name as a party in a lawsuit does not constitute infringement. *See* 15 U.S.C. § 1114(1). Accordingly, Plaintiff's copyright and trademark claims also fail as a matter of law.

Accordingly, the court concludes that Plaintiff has failed to state a claim upon which relief can be granted against Defendants Ocwen and U.S. Bank. The court **grants** Motion on Behalf of

Ocwen Loan Servicing, LLC and U.S. Bank, N.A. to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), and **denies as moot** the alternative Motion for Judgment on the Pleadings Pursuant to Rule 12(c), and **dismisses with prejudice** Plaintiff's claims against Ocwen and U.S. Bank.

### C. Third-Party Defendants

#### 1. Cowles & Thompson

On January 9, 2008, Plaintiff filed two documents titled Notice of Counterclaim in Nature of a Petition Liability of 3rd Party Defendant naming Cowles & Thompson as a "third party defendant." Cowles & Thompson moves to dismiss any claims asserted against it by Plaintiff for failure to state a claim.

Plaintiff's filing is not a model of pellucid draftsmanship, but it appears to assert that Cowles & Thompson is without authority to appear on behalf of its clients Ocwen and U.S. Bank, and also asserts that Cowles & Thompson is now liable to Plaintiff in some manner. Cowles & Thompson argues that Plaintiff has not stated any legally cognizable claim and that a claim against opposing counsel fails as a matter of law.

The court determines that Plaintiff has failed to state a claim against Cowles & Thompson. There is no evidence that Cowles & Thompson is acting without the authority of its clients, and Plaintiff has failed to allege or assert that Cowles & Thompson has somehow assumed any liability to him. Accordingly, the court **grants** Third-Party Defendant Cowles & Thompson's Motion to Dismiss Plaintiff's Counterclaims Notice in Nature of a Petition Liability of 3rd Party Defendant (docket nos. 20 & 21) Pursuant to Federal Rule of Civil Procedure 12(b)(6) and **dismisses with prejudice** Plaintiff's claims against Cowles & Thompson.

### 2. Albin Harrison Roach

Plaintiff filed a Counterclaim Notice in Nature of a Petition Liability of 3rd Party Defendant against the law firm of Albin Harrison Roach ("AHR") on January 9, 2008. He contends that AHR lacks authority to represent Defendant FLS in this suit and that AHR is liable to him. AHR argues that Plaintiff has failed to state a cognizable claim against it and that a claim against opposing counsel fails as a matter of law.

The court determines that Plaintiff has failed to state a claim against AHR. There is no evidence that AHR is acting without the authority of its client, and Plaintiff has failed to allege or assert that AHR has somehow assumed any liability to him. Accordingly, the court **grants** Third-Party Defendant Albin Harris[on] Roach's Rule 12(b)(6) Motion to Dismiss Plaintiff's Counterclaim Notice in Nature of a Petition Liability of 3rd Party Defendant and **dismisses with prejudice** Plaintiff's claims against AHR.

## IV. Plaintiff's Motion for Summary Judgment

### A. Legal Standard – Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most

favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case

and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### B. Analysis

Plaintiff brought a motion titled "Petition Special Appearance for Default Summary Judg[]ment." He argues that he served discovery on Defendants and Third-Party Defendants in January 2008, that Defendants cannot show a valid contract with him, and that Defendants and Third-Party Defendants have not answered his discovery. He requests that the court return the deed of trust to him and award him $900,000 in damages.

Defendants Ocwen and U.S. Bank and Third-Party Defendant Cowles & Thompson responded to Plaintiff's motion and argue that he is not entitled to summary judgment, that he has not produced any evidence, and that his motion is without merit.

The court has reviewed Plaintiff's motion and the responses. Plaintiff did not file any evidence in support of his motion, and the court determines that he has failed to demonstrate that there is no genuine issue of material fact with regard to his claims against Defendants and Third-Party Defendants. Accordingly, the court **denies** Plaintiff's Petition Special Appearance for Default Summary Judg[]ment. Moreover, the court has granted all Defendants' respective motions to dismiss. Granting Plaintiff's motion for summary judgment would be legally inconsistent with rulings already made by the court.

## V. Conclusion

For the reasons stated herein, the court **grants** Third-Party Defendant Cowles & Thompson's Motion to Dismiss Plaintiff's Counterclaims Notice in Nature of a Petition Liability of 3rd Party Defendant (docket nos. 20 & 21) Pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 26);

**grants** Defendant's Special Appearance and Motion to Dismiss (doc. 27); **denies as moot** Defendants Barrett Burke Wilson Castle Daffin & Frappier, LLP and National Default Ex[c]hange, LP's Rule 12(b)(6) Second Motion to Dismiss for Failure to State a Claim (doc. 28); **grants** Third-Party Defendant Albin Harris[on] Roach's Rule 12(b)(6) Motion to Dismiss Plaintiff's Counterclaim Notice in Nature of a Petition Liability of 3rd Party Defendant (doc. 29); **grants** Defendant's Motion to Dismiss (doc. 30); **denies** Plaintiff's Petition Special Appearance for Default Summary Judg[]ment (docs. 39 and 40); **grants** Motion on Behalf of Ocwen Loan Servicing, LLC and U.S. Bank, N.A. to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), and **denies as moot** the alternative Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (doc. 45); and **grants** Defendant Barrett Burke Wilson Castle Daffin & Frappier, LLP's Suggestion of Name Change and Motion to Substitute Name (doc. 49). The court **dismisses with prejudice** Plaintiff's claims against Cowles & Thompson, P.C.; Barrett Daffin Frappier Turner & Engel, P.C.; National Default Exchange, LP; Albin Harrison Roach; Foreclosure Listing Service, Inc.; Ocwen Loan Servicing, LLC; and U.S. Bank, NA, as Trustee for the Registered Holders of Morgan Stanley Dean Witter Capital I, Inc. Trust 2001-NC3, Mortgage Pass-Through Certificates, Series 2001-NC3. The court **dismisses without prejudice** Plaintiff's claims against Baxter & Schwartz, P.C.

**It is so ordered** this 30th day of July, 2008.

_____
Sam A. Lindsay
United States District Judge